UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. THOMAS J. AQUILINO, JR., SENIOR JUDGE

| | |
|---|---|
| NANJING KAYLANG CO., LTD.,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>    and<br><br>AMERICAN KITCHEN CABINET ALLIANCE,<br><br>    Defendant-Intervenor. | Court No. 24-00045 |

# MEMORANDUM OF LAW IN SUPPORT OF THE RULE 56.2 MOTION OF PLAINTIFF NANJING KAYLANG CO., LTD. FOR JUDGMENT UPON THE AGENCY RECORD

David J. Craven, Esq.
CRAVEN TRADE LAW LLC
3744 N Ashland Avenue
Chicago, Illinois 60613
Tel. 773-709-8506
David.craven@tradelaw.com
Counsel for Plaintiffs

Dated: August 27, 2024

## Table of Contents

Table of Contents ...................................................................................................... i
Table of Authorities ................................................................................................. ii
I.   Introduction ..................................................................................................... 1
II.  Statement Pursuant to Rule 56.2(C) ............................................................... 2
     A. Administrative Determination Under Review ......................................... 2
     B. Issues of Law ........................................................................................... 2
     C. Summary of Arguments .......................................................................... 2
     D. Statement of Facts .................................................................................. 3
III. Standard of Review ......................................................................................... 4
IV.  Argument ........................................................................................................ 6
     A. Phragmites are Not Wood and are Outside of Scope ............................... 6
          1. The Department Expressly Found in The Scope Ruling That Phragmites are Not Wood ................................................................. 6
          2. The Scope Language Unambiguously Only Covers Articles of Wood .................................................................................................. 7
V.   Conclusion ...................................................................................................... 9

## Table of Authorities

Case Law:

*Arcelormittal Stainless Belgium N.V. v. United States*, 694 F.3d 82 (Fed. Cir. 2012)..............................................................................................7

*Atlantic Sugar, Ltd. v. United States*, 744 F.2d 1556 (Fed. Cir. 1984) ................4, 5

*Barnhart v. Peabody Coal Co.,* 537 U.S. 149 (2003)   ............................................8

*Consolidated Edison Corp. v. Labor Board*, 305 U.S. 197 (1938) ........................4

*Diversified Products Corp. v. United States*, 6 CIT 155 (1983) .............................5

*Dorbest Ltd v. United States*, 462 F. Supp. 2d 1262 (Ct. Int'l Trade 2006) ............................................................................................................5

*Duferco Steel Inc. v. United States,* 296 F.3d 1087 (Fed.Cir.2002).........................7

*Gerald Metals, Inc. v. United States*, 132 F.3d 716 (Fed. Cir. 1997).......................5

*Jinan Yipin Corp. v. United States*, 637 F. Supp. 2d 1183 (Ct. Int'l Trade 2009)..............................................................................................................5

*King Supply Co. LLC v. United States*, 674 F.3d 1343 (Fed. Cir. 2012)..................7

*Loper Bright Enterprises, et al., Petitioners, v. Gina Raimondo, Secretary of Commerce, et al.*  144 S.Ct. 2244 (2024)....................................6

*Marx v. Gen. Revenue Corp.,* 568 U.S. 371 (2013) ..................................................8

*Tak Fat Trading Co. v. United States*, 396 F.3d 1378 (Fed.Cir.2005)......................7

*United States v. Vonn,* 535 U.S. 55 (2002) ...............................................................8

*Universal Camera Corp. v. NLRB*, 340 U.S. 474 (1951) .........................................4

*USX Corp. v. United States*, 11 CIT 82, 655 F. Supp. 487 (1987) ..........................5

Statute and Regulations

19 U.S.C. §1516a(b) ............................................................................................2, 4

19 C.F.R. § 351.225 ..................................................................................................7

19 C.F.R. § 351.225(k)(1)(ii)....................................................................................4

I. **<u>INTRODUCTION</u>**

This is an appeal from the final scope ruling issued by the U.S. Department of Commerce, International Trade Administration (the "Department"), in the scope inquiry with respect to the Antidumping Duty ("AD") and Countervailing Duty ("CVD") Orders of Wooden Cabinets and Vanities from the People's Republic of China (Kaylang Phragmites). *See* Memorandum from Mary Kolberg, International Trade Compliance Analyst, Office I through Alex Villanueva, Senior Director, Office I to James Maeder, Deputy Assistant Secretary for Antidumping and Countervailing Duty Operations, *Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Kaylang Phragmites Final Scope Ruling* (January 12, 2024)('Final Scope Ruling")(PD 30)[1].

The Plaintiffs assert the following errors in the Commerce Department's ("Commerce") Final Scope Ruling:

- The Department improperly that a product made from Phragmites falls within the scope of the order on Wood Cabinets. In the scope ruling the Department confirmed that Phragmites is not a tree product and is not wood. The language of the order is limited by the words in the scope to

---

[1] Record citations to the public record are "PD" and record citations to the business proprietary record are "BPID".

1

articles made of wood and bamboo. The Department's determination is directly contrary to the express language of the scope and thus improper.

## II. STATEMENT PURSUANT TO RULE 56.2(c)

### A. Administrative Determination Under Review

This action is brought pursuant to 19 U.S.C. § 1516a (a)(2)(B)(iii) to contest the final results of Commerce's final scope ruling issued in conjunction with the order on *Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China.* (PD 30).

### B. Issues of Law

The Plaintiffs present the following issue of law.

**1. Issue.** Whether the Department can ignore the express scope of the order and expand the scope to include products made from materials not specified in the scope of the order.

### C. Summary Of Arguments

- The scope of the order is limited to articles of wood. The cabinets in question were made of composite board made out of Phragmites. The Department found that Phragmites are not wood. Notwithstanding this finding, the Department improperly expanded the term "composite board" in the scope of the order to include composite board not made of wood. Such expansion of scope is contrary to law, and thus the scope clearly excludes cabinets made from fiber board made from Phragmites.

2

D. **Statement of Facts**

The antidumping and countervailing duty orders on *Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China* was published in the Federal Register on April 21, 2020. (85 Fed. Reg. 22126, April 21, 2020). This appeal concerns the Scope Ruling issued on January 12, 2024. (note: This has not been published in the *Federal Register.*)

Department defined the scope of the Wooden Cabinets at the time of the issuance of the order. The relevant language states:

> The merchandise subject to this order consists of **wooden** cabinets and vanities that are for permanent installation (including floor mounted, wall mounted, ceiling hung or by attachment of plumbing), and **wooden components** thereof. **Wooden cabinets** and vanities and **wooden components** are made substantially **of wood products**, including **solid wood** and **engineered wood products** (including those made from **wood** particles, fibers, or **other wooden** materials such as plywood, strand board, block board, particle board, or fiberboard), or bamboo......" See *Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Antidumping Duty Order* (Vol. 85, No. 77 / Tuesday, April 21, 2020 / Notices)(Emphasis Added).

The number of facts that are relevant for this judicial review are limited. The Department found that Phragmites were not wood, and that the Phragmites were processed into fiber board. The scope ruling stated in relevant part:

> As demonstrated above, **even though phragmite is not wood**, it undergoes a manufacturing process that is very similar to the process used to make particle boards, resulting in the production of phragmite particle board, a ligneous board of a woody nature.
> Scope Ruling at 10 (PD 30)

3

In finding that the scope covered "non-wood" the Department held:

However, because the scope language does not clearly state whether engineered wood products would include cabinets and vanities made from fibers and particles other than wood, we performed an analysis under 19 CFR 351.225(k)(1)(ii) and examined secondary interpretive sources including explanatory notes of the HTSUS and the WCO. Scope Ruling at 9 (**PD** 30)

There are no other facts which are relevant to this court challenge.

### III. <u>STANDARD OF REVIEW</u>

The Court will hold unlawful Commerce determinations that are unsupported by substantial evidence on the record or are not otherwise in accordance with law. 19 U.S.C. §1516a(b).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477 (1951), *quoting Consolidated Edison Corp. v. Labor Board*, 305 U.S. 197, 229 (1938). Furthermore, "substantial evidence" must be measured by the record as a whole, "including whatever fairly detracts from the substantiality of the evidence." *Atlantic Sugar, Ltd. v. United States*, 744 F.2d 1556, 1562 (Fed. Cir. 1984) (quotations omitted). Thus, "it is appropriate to set aside the ITA's decision when the court 'cannot conscientiously find that the evidence supporting that decision is substantial, when viewed in the

light that the record in its entirety furnishes, including the body of evidence opposed to {that} view.'" *Diversified Products Corp. v. United States*, 6 CIT 155, 161 (1983) *quoting Universal Camera*, 340 U.S. at 488.

Moreover, Commerce's determination cannot be based on "isolated tidbits of data which suggest a result contrary to the clear weight of the evidence." *USX Corp. v. United States*, 11 CIT 82, 84, 655 F. Supp. 487, 489 (1987). The substantial evidence standard requires more than mere assertion of 'evidence which in and of itself justified {the determination}, without taking into account contradictory evidence or evidence from which conflicting inferences could be drawn.'" *Gerald Metals, Inc. v. United States*, 132 F.3d 716, 720 (Fed. Cir. 1997) (citation omitted).

Commerce also must make its decisions based on a fair and balanced comparison of the data. To do otherwise is arbitrary and capricious. *See Atlantic Sugar, Ltd. v. United States*, 744 F.2d at 1562 ("substantial evidence" must be measured by the record as a whole, "including whatever fairly detracts from the substantiality of the evidence.") *See also, Jinan Yipin Corp. v. United States*, 637 F. Supp. 2d 1183, 1192 (Ct. Int'l Trade 2009).

Commerce is required to objectively evaluate all data on the record. Thus, the agency must hold its preferences to the same test as it uses to evaluate respondent's proffered data. *See, e.g., Dorbest Ltd v. United States*, 462 F. Supp. 2d 1262, 1302 (Ct. Int'l Trade 2006) (holding that Commerce must justify its decisions).

5

Questions of law and the interpretation of the law is ultimately the responsibility of the Court and pursuant to *Loper Bright Enterprises, et al., Petitioners, v. Gina Raimondo, Secretary of Commerce, et al.* 144 S.Ct. 2244 (2024), the Department is not entitled to deference. The court stated:

> *Chevron* is overruled. Courts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires. Careful attention to the judgment of the Executive Branch may help inform that inquiry. And when a particular statute delegates authority to an agency consistent with constitutional limits, courts must respect the delegation, while ensuring that the agency acts within it. But courts need not and **under the APA may not defer to an agency interpretation of the law simply because a statute is ambiguous**.
> *Loper* at 2273.

## IV.  ARGUMENT:

### A. Phragmites are not Wood and are Outside of Scope

1. The Department Expressly Found in the Scope Ruling that Phragmites are not Wood

The Department has held expressly found that Phragmites are not wood. The scope ruling stated:

> As demonstrated above, even though **phragmite is not wood**, it undergoes a manufacturing process that is very similar to the process used to make particle boards, resulting in the production of phragmite particle board, a ligneous board of a woody nature.
> Scope Ruling at 10 (PD 30)

There is no dispute as to this basic fact. Thus, the only question is whether "non-wood" products are within scope or outside scope.

6

### 2. The Scope Language Unambiguously Only Covers Articles of Wood

The first test to be applied in evaluating scope is determining whether the plain language is unambiguous. If it is, the analysis is complete. The Federal Circuit stated:

> After the issuance of a final antidumping order, questions may arise regarding its scope. Commerce's regulations provide for a procedure called a scope ruling to determine whether a particular product is included within the scope of an antidumping order. 19 C.F.R. § 351.225. In a scope ruling proceeding "a predicate for the interpretive process is language in the order that is subject to interpretation." *Tak Fat Trading Co. v. United States,* 396 F.3d 1378, 1383 (Fed.Cir.2005) (citing *Duferco Steel Inc. v. United States,* 296 F.3d 1087, 1097 (Fed.Cir.2002)). If Commerce determines that the language at issue is not ambiguous, it states what it understands to be the plain meaning of the language, and the proceedings terminate. On the other hand, if Commerce finds that the scope language is ambiguous, it then looks to two sets of factors spelled out in its regulations to determine the intended scope of the order.
> *Arcelormittal Stainless Belgium N.V. v. United States*, 694 F.3d 82, 84 (Fed. Cir. 2012)

In evaluating scope, Commerce is entitled to deference, but it is not unlimited deference. In *King Supply Co. LLC v. United States*, 674 F.3d 1343 (Fed. Cir. 2012)

> Commerce is entitled to substantial deference with regard to its interpretations of its own antidumping duty orders. *Tak Fat Trading Co. v. United States*, 396 F.3d 1378, 1382 (Fed.Cir.2005)... This broad deference is not unlimited, however, since "Commerce cannot interpret an antidumping order so as to change the scope of that order, nor can Commerce interpret an order in a manner contrary to its terms."
> *King Supply* at 1348.

Kaylang submits that even granting Commerce substantial deference, the plain and unambiguous language can only lead to a single conclusion. The scope states:

> The merchandise subject to this order consists of **wood**en cabinets and vanities that are for permanent installation (including floor mounted, wall mounted, ceiling hung or by attachment of plumbing), and wooden components thereof. Wooden cabinets and vanities and wooden components are made substantially **of wood products**, including solid wood and engineered wood products (including those made from **wood** particles, fibers, or **other wooden** materials such as plywood, strand board, block board, particle board, or fiberboard), or bamboo......" See

7

*Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Antidumping Duty Order* (Vol. 85, No. 77 / Tuesday, April 21, 2020 / Notices)(Emphasis Added).

The first sentence of the scope expressly references "wooden" as the characterization of the term cabinet and also the "wooden" components. The second sentence again refers to wooden cabinets made substantially of wood products and engineered wood products including solid wood and engineered wood products. The scope then further characterizes the engineered wood products as those made from **wood** particles, fibers, or **other wooden** materials such as plywood, strand board, block board, particle board, or fiberboard). The scope then also names bamboo, and only bamboo as an alternate materials. In other words, every sentence of the scope expressly references wood or is characterized by the word wood or is another expressed material. There is no rational or reasonable interpretation that the scope includes materials not made of wood.

The legal maxim " *Expressio unius exclusio alterius*" ("the inclusion of one thing implies the exclusion of another") is also applicable in this case. See *Marx v. Gen. Revenue Corp.,* 568 U.S. 371, 392 (2013). In *Marx* the Supreme Court stated:

> The *expressio unius* canon that they invoke does not apply "unless it is fair to suppose that Congress considered the unnamed possibility and meant to say no to it," *Barnhart v. Peabody Coal Co.,* 537 U.S. 149, 168, 123 S.Ct. 748, 154 L.Ed.2d 653, and can be overcome by "contrary indications that adopting a particular rule or statute was probably not meant to signal any exclusion," *United States v. Vonn,* 535 U.S. 55, 65, 122 S.Ct. 1043, 152 L.Ed.2d 90.

In this matter, the scope expressly identifies Wood and Bamboo and does not identify any other material. In this case the Department was presented with express scope language and refined this language in the investigation. If other materials were to be included, they would have been identified in the scope. They were not.

8

This is ultimately a simple case. The scope is unambiguous and only includes Wood articles, and the Department has also found that Phragmites are not made of wood.

V. **CONCLUSION**

Nanjing Kaylang Co., Ltd. respectfully requests that this Court grant its motion for Judgment on the Agency Record and remand this case to Commerce with instructions consistent with the points set forth in this memorandum. Specifically, the Court should find:

The scope of the order on Wooden Cabinets does not cover articles made of Phragmites as Phragmites are not wood.

Respectfully submitted,

/s/ David Craven
David Craven

Counsel to Nanjing Kaylang Co., Ltd

Dated: August 27, 2024